IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DRUCILLA BOCAROV,
JASON VAUGHN, and
CHRISTY VAUGHN,

     Plaintiffs,

v.

Case No. 2:10-CV-39
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

JUDGE JACK PUFFENBERGER,
and BENJAMIN WYREMBEK,

     Defendants.

## OPINION AND ORDER

This matter is before the Court on the Defendant Judge Jack Puffenberger's Motion to Dismiss (D.E. 12) and Defendant Benjamin Wyrembek's Motion to Dismiss (D.E. 13). Because the Court concludes, as discussed below, that it lacks subject matter jurisdiction to adjudicate Plaintiffs' claims, the motions are granted.[1]

I.

Plaintiffs Drucilla Bocarov, Jason Vaughn, and Christy Vaughn brings this civil rights action seeking redress for constitutional injuries they allege they suffered in connection with state-court adoption proceedings, in which Defendant Judge Jack Puffenberger of the Lucas County Court of Common Pleas, Probate Division, ruled against Plaintiffs and in favor of

---

[1] Also pending before the Court are Plaintiffs' Motion for Summary Judgment (D.E. 15) and Defendant Wyrembek's Motion for Summary Judgment (D.E. 19). The Court's disposition of the Defendants' Motions to Dismiss renders the summary judgment motions moot. Accordingly, this Opinion and Order does not address the merits of the pending summary judgment motions.

Defendant Benjamin Wyrembek in finding that the adoption proceedings had been instituted prematurely and that Wyrembek was the legal father of the child placed for adoption. Plaintiffs contend that the state court violated Plaintiff Bocarov's due process rights by failing to consider or address the allegation made in the adoption petition that, as the birth-mother of the infant placed for adoption, she had a constitutionally protected liberty interest under the Due Process Clause of the United States Constitution to place her infant child for adoption.

The Defendants filed separate Motions to Dismiss the Plaintiffs' complaint. Both Defendants argue that this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, and that the complaint fails to state a claim upon which relief can be granted.[2] Defendant Wyrembek asserted as an additional ground for dismissal that Plaintiffs lack standing. The Court now considers the merits of these motions.

## II.

The Court first considers whether it has subject-matter jurisdiction to determine the merits of this action. Although Plaintiffs couch their claims in terms of constitutional violations, the gravamen of their complaint essentially asserts that the state court erred in failing to consider the liberty interest due process arguments asserted by the Plaintiffs in their adoption petition and asks this Court to revisit the state court's decision.

The Court finds that it is without subject matter jurisdiction to entertain the Plaintiffs' claims. As a court of limited jurisdiction under Article III of the United States Constitution, a federal district court cannot sit in review of state court proceedings. Under the *Rooker-Feldman*

---

[2]The parties also dispute whether venue is proper in this judicial district. Although the Court believes that venue would be proper in this district, it does not reach the question in light of its determination that it lacks subject matter jurisdiction.

2

doctrine[3], federal review of state court proceedings is jurisdictionally limited by 28 U.S.C. § 1257[4]. The *Rooker-Feldman* doctrine establishes that the district courts lack subject matter jurisdiction over challenges to the constitutionality of judicial acts in the courts of the several states.

In 2005, the United States Supreme Court refined the contours of the *Rooker-Feldman* doctrine, stating that it should be confined to the species of cases forming the genesis of the doctrine's name, i.e., "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However,"[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party," a district court has subject matter jurisdiction because the *Rooker-Feldman* doctrine does not apply. *Id.* at 293 (internal citations and quotations marks omitted). The United States Court of Appeals for the Sixth Circuit has explained:

> [The focus of] the inquiry then is the source of the injury the plaintiff

---

[3]The doctrine takes its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4]The statute provides:
Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257 (a).

> alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third-party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

In this case, the source of the injury alleged in the complaint is the state-court decision recognizing Wyrembek as the legal father and finding the adoption petition to have been prematurely filed. Plaintiffs' sole contentions before this Court allege that the state court did not address or consider the arguments Plaintiffs advanced in the adoption petition concerning Bocarov's liberty interest as birth mother in placing her child for adoption, and that Wyrembek's opposition to the adoption petition attempted to disrupt the adoptive placement and adoption plan made by Bocarov. These allegations merely operate as the functional equivalent of an appeal from a decision in state court unfavorable to Plaintiffs. Accordingly, under the *Rooker-Feldman* doctrine, it would be improper for this Court to exercise jurisdiction over this case. The doctrine bars Plaintiffs "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights . . . ." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

For these reasons, the Defendants' Motions to Dismiss are meritorious. Because the Court concludes that it lacks subject-matter jurisdiction to consider the Plaintiffs' claims, it does not reach the Defendants' alternate grounds for dismissal.

### III.

In light of the foregoing, Defendant Jack Puffenberger's Motion to Dismiss (**D.E. 12**) and Defendant Benjamin Wyrembek's Motion to Dismiss (D.E. 13) are **GRANTED**. Plaintiffs' Motion for Summary Judgment (D.E. 15) and Defendant Benjamin Wyrembek's Motion for

4

Summary Judgment (D.E. 19) are **DENIED AS MOOT**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter Judgment in favor of the Defendants.

    **IT IS SO ORDERED.**

10-27-2010
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE